IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

Civil Action No. _____

| | |
|---|---|
| RUGGERS, INC. ) | |
| d/b/a KOOGA NORTH AMERICA, ) | |
|        Plaintiff ) | |
|   v. ) | COMPLAINT |
| ) | [JURY TRIAL DEMANDED] |
| UNITED STATES OF AMERICA ) | |
| RUGBY FOOTBALL UNION, LTD. ) | |
| d/b/a USA RUGBY, ) | |
|        Defendant ) | |

## INTRODUCTION

1. This is an action for breach of contract, misrepresentation, and violation of The Massachusetts Unfair Business Practices Act, Mass. Gen. Laws ch. 93A, arising out of USA Rugby's breach of a 2004 agreement regarding the use and promotion of KooGa products by USA Rugby and those representing USA Rugby-sanctioned national rugby teams.

## PARTIES

2. Plaintiff Ruggers, Inc. ("Ruggers") is a Massachusetts corporation with a principal place of business at 121 Union Street, West Springfield, Hampden County, Massachusetts ("KooGa NA").

3. Ruggers is a vendor of rugby clothing and gear. It is the registered owner of the KooGa trademark in North America, and does business as KooGa North America.

4. Defendant USA Rugby is a Colorado corporation with a principal place of business at 2500 Arapahoe, Suite 200, Boulder, Colorado.

5.      USA Rugby is the national governing body for the sport of rugby in the United States, and its stated aim is to enhance the sport of rugby in the United States and to promote U.S. participants internationally.

## FACTS COMMON TO ALL COUNTS

6.      In or about May 2004, KooGa NA and USA Rugby entered into a "Sponsorship Agreement." The terms of the agreement were set out in a document that was unsigned and undated until on or about June 1, 2007, but which USA Rugby acknowledged at all times accurately reflected the parties' agreement.

7.      A signed version of the Sponsorship Agreement was executed on or about June 1, 2007 and was to govern the period June 1, 2007 – May 2008. A true and correct copy of the executed Sponsorship Agreement is attached hereto as Exhibit A.

8.      By the terms of the Sponsorship Agreement, KooGa NA agreed <u>inter alia</u> to provide USA Rugby-sanctioned teams with rugby clothing and gear valued at up to $350,000 annually, in exchange for USA Rugby's agreement to grant KooGa NA the exclusive right to use USA Rugby's official logo on approved products, and the agreement to have USA Rugby-sanctioned teams wear, use and promote only the KooGa NA clothing and gear.

9.      The Agreement prohibited USA Rugby from authorizing use of the USA Rugby logo by KooGa NA's competitors, and prohibited the use or promotion of competing products by USA Rugby and its teams.

10.     From May 1, 2004 until mid-2006, USA Rugby substantially complied with the Agreement.

11.     Beginning in mid-2006, however, and continuously through the remaining term of the Agreement, USA Rugby wrongfully entered into agreements for the supply of rugby clothing

#762711                                         2

and gear with World Rugby Shop, Gilbert, XP and other competitors of KooGa NA, as a result of which USA Rugby was in blatant and increasingly brazen violation of the Agreement.

12. Further, during the term of the Agreement, USA Rugby authorized use of the USA Rugby logo on other brands competing with KooGa NA -- including Canterbury, Under Armour, Crossbar, Gilbert, and Rugby Imports; knowingly allowed the unauthorized use of the USA Rugby logo on other brands; allowed the wearing and promotion by the USA Rugby-sanctioned teams of competing brands of clothing and gear; and engaged in the sale and promotion of competing brands including through links on USA Rugby's website.

13. Further, USA Rugby failed to pay KooGa NA invoices within a prescribed time period, failed to incorporate the KooGa mark on promotional materials, and failed to sell or promote KooGa NA products at USA Rugby venues.

14. USA Rugby repeatedly sought to pacify KooGa NA when it complained of breaches by purporting to enter into some resolution of aspects of the dispute, then reneging or refusing to enforce that resolution.

15. For instance, KooGa NA agreed not to pursue claims against USA Rugby regarding its promotion of World Rugby Shop ("WRS") products on the understanding that: 1) USA Rugby would not directly promote non-KooGa products; 2) links to WRS from the USA Rugby website would take users to "KooGa only" pages; and 3) WRS would otherwise increase its representation of KooGa products.  Notwithstanding that "resolution," all USA Rugby mailings on behalf of WRS featured competing products. WRS expanded its product line to include all other rugby brands except KooGa.  The WRS promotions affected both online and team sales of KooGa products causing significant financial damages and damage to KooGa NA's reputation.

16. In the course of a meeting between KooGa NA and USA Rugby officials on June 22, 2006, it was agreed that KooGa NA would not pursue Gilbert-related claims against USA Rugby because USA Rugby agreed to: 1) stop all mailings on behalf of Gilbert; 2) remove all links from USA Rugby's webpage to Gilbert's web page; 3) prohibit use by Gilbert/Rugby Imports of the USA Rugby logo on any of its apparel; and 4) refer to Gilbert as the "Official Match Ball of USA Rugby" so as to distinguish the relationship with Gilbert from that with KooGa NA. In fact, mailings and webpage links ceased in June 2006 but were resumed in November 2006; Gilbert/Rugby Imports manufactured and distributed polo shirts bearing the USA Rugby logo; and USA Rugby did nothing to change the description or perception of its relationship with Gilbert by limiting references to the relationship to that with an "official ball sponsor" or otherwise. Gilbert actually expanded its mailings to include products that directly compete with KooGa-supplied products.

17. In the course of that same June 22, 2006 meeting, a January 27, 2007 meeting between officials of the parties, and subsequent telephone conversations, KooGa NA agreed not to pursue XP-related claims against USA Rugby because USA Rugby agreed that: 1) XP's role would be limited to producing approved event-specific merchandise for national events; and 2) approved XP merchandise would include the KooGa logo. In fact, with USA Rugby's apparent blessing, XP continued to produce apparel bearing the USA Rugby logo but not that of KooGa, XP did not limit itself to national event-specific apparel but expanded its line, wholesaled its USA Rugby-logoed apparel to WRS and possibly others, and continued to market this apparel through a website linked by USA Rugby to its own.

## FIRST CAUSE OF ACTION
(Breach of Contract)

18. Plaintiff hereby incorporates the foregoing allegations of paragraphs 1 through 17 of the complaint.

19. By the conduct described above, defendant has breached the terms of the Sponsorship Agreement.

20. As a direct result of its breaches, defendant has caused plaintiff to incur substantial loss and damage, in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
(Misrepresentation)

21. Plaintiff hereby incorporates the foregoing allegations of paragraphs 1 through 20 of the complaint.

22. By the conduct described above, defendant falsely and repeatedly misrepresented its intention to resolve disputes over performance of the Sponsorship Agreement.

23. Plaintiff justifiably relied on defendants representations of its intentions.

24. As a direct and proximate result of defendant's contract, plaintiff has incurred substantial loss and damage in an amount to be proven at trial.

## THIRD CAUSE OF ACTION
(Violations of Mass. Gen. Laws Ch. 93A)

25. Plaintiff hereby incorporates the foregoing allegations of paragraphs 1 through 24 of the complaint.

26. By the conduct described above, defendant has violated the provisions of Massachusetts General Laws Chapter 93A, §§2 and 9.

27. Defendant's violation was willful.

28. As a direct and proximate result of defendant's contract, plaintiff has incurred substantial loss and damage in an amount to be proven at trial.

WHEREFORE, plaintiff demands judgment in its favor for:

1. Its actual damages;

2. Up to three but not less than two times its actual damages;

3. Attorneys' fees;

4. Costs; and

5. Such other relief as the Court deems proper; and

<u>Jury Demand</u>

Plaintiff hereby demands a trial by jury as to all issues so triable.

The Plaintiff
RUGGERS, INC.
By Its Attorneys:


/s/ Kevin C. Maynard
Kevin C. Maynard, BBO #550669
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115-5507
Tel.: (413) 272-6244
Fax: (413) 272-6804

Dated: March 30, 2009